**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

LORRAINE LURIE, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., R&G BRENNER INCOME TAX CONSULTANTS, BENJAMIN K. BRENNER, and CAROL BRENNER,

Defendants.

---------------------------------------------------------X

**22-cv-06511**

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, LORRAINE LURIE, individually and on behalf of all others similarly situated ("Plaintiff"), as and for her Collective Action Complaint against Defendants, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., R&G BRENNER INCOME TAX CONSULTANTS, BENJAMIN K. BRENNER, and CAROL BRENNER (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12 of the New York Codes, Rules, and Regulations, Section 142 ("Regulations") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult female who resides in the State of New York.

6. Upon information and belief, BENJAMIN K. BRENNER is an adult male who resides in the State of New York.

7. Upon information and belief, CAROL BRENNER is an adult female who resides in the State of New York.

8. Upon information and belief, R&G BRENNER INCOME TAX, LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York.

9. Upon information and belief, R&G BRENNER TAX CENTERS INC. is a domestic corporation duly organized and existing under the laws of the State of New York.

10. Upon information and belief, SUMMIT CONSULTING INC. is a domestic corporation duly organized and existing under the laws of the State of New York.

11. Upon information and belief, APEX PLANNING INC. is a domestic corporation duly organized and existing under the laws of the State of New York.

12. Upon information and belief, R&G BRENNER INCOME TAX CONSULTANTS is a domestic partnership duly organized and existing under the laws of the State of New York.

13. Upon information and belief, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC.,

and R&G BRENNER INCOME TAX CONSULTANTS own and operate a tax preparation business known as R&G Brenner Income Tax ("R&G BRENNER").

**FACTS**

14. Upon information and belief, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., and R&G BRENNER INCOME TAX CONSULTANTS are part of a single integrated enterprise that jointly employed Plaintiff.

15. Upon information and belief, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., and R&G BRENNER INCOME TAX CONSULTANTS' operations are interrelated and unified.

16. Upon information and belief, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., and R&G BRENNER INCOME TAX CONSULTANTS share common management, are centrally controlled, and share common ownership by BENJAMIN K. BRENNER and CAROL BRENNER.

17. Upon information and belief, R&G BRENNER INCOME TAX, LLC, R&G BRENNER TAX CENTERS INC., SUMMIT CONSULTING INC., APEX PLANNING INC., and R&G BRENNER INCOME TAX CONSULTANTS share employees, equipment, and supplies.

18. R&G BRENNER maintains an executive office located at 111 East Merrick Road, Valley Stream, New York 11580.

19. R&G BRENNER operates tax preparation offices in the counties of New York, Kings, Queens, Bronx, Rockland, Westchester, Nassau, and Suffolk.

20. Upon information and belief, R&G BRENNER maintains approximately twenty to thirty office locations throughout these counties.

21. At all relevant times, Plaintiff and all others similarly situated were employed by Defendants as tax preparers at R&G BRENNER'S various New York offices.

22. Plaintiff was employed by Defendants at various R&G BRENNER offices in Kings County and Nassau County.

23. Upon information and belief, at all relevant times, R&G BRENNER maintained control, oversight, and direction over Plaintiff and all other similarly situated tax preparers, including timekeeping, payroll, and other employment practices applied to them.

24. Upon information and belief, BENJAMIN K. BRENNER is a member of R&G BRENNER INCOME TAX, LLC.

25. Upon information and belief, BENJAMIN K. BRENNER is the President of R&G BRENNER INCOME TAX, LLC.

26. Upon information and belief, BENJAMIN K. BRENNER is an owner, officer, director, member, and/or managing agent of R&G BRENNER INCOME TAX, LLC.

27. Upon information and belief, BENJAMIN K. BRENNER is a shareholder of R&G BRENNER TAX CENTERS INC.

28. Upon information and belief, BENJAMIN K. BRENNER is the President of R&G BRENNER TAX CENTERS INC.

29. Upon information and belief, BENJAMIN K. BRENNER is an owner, officer, director, shareholder, and/or managing agent of R&G BRENNER TAX CENTERS INC.

30. Upon information and belief, BENJAMIN K. BRENNER is the sole shareholder of SUMMIT CONSULTING INC.

31. Upon information and belief, BENJAMIN K. BRENNER is the President of SUMMIT CONSULTING INC.

32. Upon information and belief, BENJAMIN K. BRENNER is an owner, officer, director, shareholder, and/or managing agent of SUMMIT CONSULTING INC.

33. Upon information and belief, CAROL BRENNER is a fifty percent (50%) shareholder of APEX PLANNING INC.

34. Upon information and belief, CAROL BRENNER is the President of APEX PLANNING INC.

35. Upon information and belief, CAROL BRENNER is an owner, officer, director, shareholder, and/or managing agent of APEX PLANNING INC.

36. Upon information and belief, SUMMIT CONSULTING INC. and APEX PLANNING INC. are each a fifty percent (50%) partner in the partnership that forms R&G BRENNER INCOME TAX CONSULTANTS.

37. Upon information and belief, BENJAMIN K. BRENNER is an officer, director, and/or managing agent of R&G BRENNER INCOME TAX CONSULTANTS.

38. Upon information and belief, BENJAMIN K. BRENNER is the President of R&G BRENNER INCOME TAX CONSULTANTS.

39. Upon information and belief, CAROL BRENNER is an officer, director, and/or managing agent of R&G BRENNER INCOME TAX CONSULTANTS.

40. Upon information and belief, CAROL BRENNER is the Vice President of R&G BRENNER INCOME TAX CONSULTANTS.

41. Upon information and belief, at all relevant times, BENJAMIN K. BRENNER participated in running the daily operations of R&G BRENNER.

42. At all relevant times, BENJAMIN K. BRENNER participated in the management and supervision of Plaintiff and all other similarly situated tax preparers and their work for R&G BRENNER.

43. Upon information and belief, at all relevant times, BENJAMIN K. BRENNER exercised operational control over R&G BRENNER, controlled significant business functions of R&G BRENNER, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of R&G BRENNER in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff and all similarly situated tax preparers.

44. Upon information and belief, at all relevant times, CAROL BRENNER participated in running the daily operations of R&G BRENNER.

45. At all relevant times, CAROL BRENNER participated in the management and supervision of Plaintiff and all other similarly situated tax preparers and their work for R&G BRENNER.

46. Upon information and belief, at all relevant times, CAROL BRENNER exercised operational control over R&G BRENNER, controlled significant business functions of R&G BRENNER, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of R&G BRENNER in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff and all similarly situated tax preparers.

47. Defendants had substantial control over Plaintiff and all other similarly situated tax preparers' working conditions, including over the unlawful policies and practices alleged herein.

48. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff and all other similarly situated tax preparers.

49. Defendants employed Plaintiff from on or about December 16, 2019 until on or about the beginning of April 2020.

50. Throughout her employment, Plaintiff was employed as a tax preparer for the benefit of and at the direction of Defendants.

51. As a tax preparer for Defendants, Plaintiff's primary job duty was preparing income tax returns for Defendants' customers.

52. During the relevant period of her employment, Plaintiff worked for Defendants from on or about January 25, 2020 through the beginning of April 2020 (the "Tax Season").

53. During Plaintiff's first week of work, Plaintiff's schedule was as follows: Monday through Saturday from about 10:00 a.m. until about 6:00 p.m.

54. During the remaining period of Plaintiff's employment, Plaintiff's schedule was as follows: Monday through Saturday from about 10:00 a.m. until about 6:00 p.m.

55. During her employment, Plaintiff was required to clock-in and -out of her shifts each day.

56. During her employment, R&G Brenner automatically clocked Plaintiff out each day for a thirty-minute break, even though she did not receive a break.

57. Upon information and belief, Defendants maintained time records for hours Plaintiff worked each shift.

58. During Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

59. During Plaintiff's employment, Defendants paid Plaintiff straight-time for all hours worked, including those hours worked in excess of forty (40) per week.

60. Pursuant to Plaintiff's employment agreement, Defendants were also required to pay Plaintiff commission based on the monies collected and deposited for R&G Brenner receipts.

61. Defendants deemed Plaintiff's commissions earned when a tax return was filed and paid for by the customer.

62. However, instead of paying Plaintiff her earned commission within the time required by law, Defendants refused to pay such commissions until the end of the tax season.

63. Plaintiff earned commission throughout her employment.

64. Defendants failed to pay Plaintiff any of her earned commission, either when it was earned or at the conclusion of the tax season.

65. Defendants made unlawful deductions from Plaintiff's wages, such as "Errors & Omissions Insurance" and other impermissible withholdings.

66. Defendants withheld these unlawful deductions from Plaintiff's wages even though the employment agreement never contemplated such deductions in Plaintiff's commission calculation.

67. Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

68. Defendants were aware of the hours that Plaintiff worked each shift but still failed to pay her properly.

69. Defendants did not provide Plaintiff with a complete and accurate wage notice when she was hired, or at any time thereafter, as required by NYLL § 195(1).

70. Defendants did not provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

71. Upon information and belief, BENJAMIN K. BRENNER participated in the decision to hire Plaintiff.

72. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in the decision to fire Plaintiff.

73. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in deciding the job duties that Plaintiff performed.

74. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in the supervision of Plaintiff's job duties and responsibilities.

75. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in setting Plaintiff's work schedules.

76. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in deciding the hours that Plaintiff worked.

77. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in deciding the manner in which Plaintiff was paid.

78. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in deciding the compensation Plaintiff was paid.

79. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in setting R&G BRENNER'S compensation policies.

80. Upon information and belief, BENJAMIN K. BRENNER and CAROL BRENNER participated in running the day-to-day operations of R&G BRENNER during Plaintiff's employment.

81. At all times relevant to this lawsuit, Defendants have employed at least seventy-five to one-hundred other tax preparers during the past three tax seasons at their New York offices.

82. Defendants subjected, and continue to subject, all tax preparers to the same illegal practices and policies as Plaintiff herein.

83. Defendants have failed, and continue to fail, to pay similarly situated tax preparers overtime compensation when they worked in excess of forty (40) hours a week.

84. Defendants withheld unlawful deductions from similarly situated tax preparers as described above.

85. Defendants failed to pay similarly situated tax preparers their commissions with the frequency required by law; instead, they paid similarly situated tax preparers either an hourly rate or a small weekly advance/draw and then paid them their net commissions weeks after the tax seasons concluded.

86. Defendants failed to provide similarly situated tax preparers with complete and accurate wage notices when they were hired.

87. Defendants failed to provide similarly situated tax preparers with complete and accurate wage statements with their weekly earnings.

88. Plaintiff and the other tax preparers were not exempt from the overtime provisions of the FLSA or the NYLL because they did not meet any of the qualifications of such exemptions.

89. Defendants managed Plaintiff and other tax preparers' employment, including the amount of overtime worked and the compensation they received.

90. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

91. Defendants were aware of Plaintiff and the other tax preparers' work hours but failed to pay them the full amount of wages to which they were entitled for this work time under the law.

92. Defendant's failures to pay proper wages in a timely manner were made and continue to be made without good faith, willfully, and with a reckless disregard for Plaintiff and other tax preparers' rights, and Plaintiff and other tax preparers have been damaged by such failures.

**COLLECTIVE ACTION ALLEGATIONS**

93. Plaintiff, individually and on behalf of all other similarly situated current and former tax preparers employed by Defendants, including its subsidiaries and affiliated companies, brings this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation owed to Plaintiff and all other similarly situated employees.

94. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and the following class of persons:

> All tax preparers who worked for Defendants at any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter, the "FLSA Class").

95. Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of forty (40) hours per week without being paid overtime compensation.

96. As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

97. Defendants have known that Plaintiff and the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

98. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the FLSA Class.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

99. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

101. Plaintiff and other similarly situated employees were and are entitled to overtime pay as required by the FLSA because they were and continue to be employed by an enterprise engaged in commerce.

102. Defendants were and are subject to the overtime pay requirements of the FLSA because R&G BRENNER is an enterprise or a joint enterprise engaged in interstate commerce.

103. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff and other similarly situated employees are individuals engaged in interstate commerce.

104. Upon information and belief, the gross annual volume of sales made or business done by the R&G BRENNER entities, individually or jointly, for each relevant year was not less than $500,000.00.

105. At all times relevant to this action, Plaintiff and other similarly situated employees were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

106. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

107. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff and other similarly situated employees overtime compensation as required by the FLSA.

108. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

109. However, none of the Section 13 exemptions apply to Plaintiff or other similarly situated employees because they have not met the requirements for coverage under the exemptions.

110. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown a reckless disregard for whether their conduct violated the FLSA.

111. Defendants have not acted in good faith with respect to the conduct alleged herein.

112. As a result of Defendants' violations of the FLSA, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

113. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

114. At all times relevant to this Action, Plaintiff and other similarly situated employees were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

115. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

116. By the above-alleged conduct, Defendants have failed to pay Plaintiff and other similarly situated employees overtime compensation as required by the NYLL.

117. Plaintiff and other similarly situated employees are not exempt from the overtime provisions of the NYLL because they have not met the requirements for any of the exemptions available under New York law.

118. Plaintiff and other similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the NYLL, has been applied to all similarly situated employees and has deprived them of proper overtime compensation.

119. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

120. Defendants have not acted in good faith with respect to the conduct alleged herein.

121. As a result of Defendants' violations of the NYLL, Plaintiff and similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

122. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

123. Defendants willfully failed to furnish Plaintiff and similarly situated employees with wage notices during their employment, including upon hiring, as required by NYLL § 195(1),

in English or in the language identified by Plaintiff and similarly situated employees as their primary language, which were to contain, among other things, their rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

124. Through their knowing and intentional failure to provide Plaintiff and similarly situated employees with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

125. Due to Defendants' willful violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

126. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

127. Defendants willfully failed to provide Plaintiff and other similarly situated employees with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

128. Through their knowing and intentional failure to provide Plaintiff and other similarly situated employees with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

129. As a result of Defendants' willful violations of the NYLL, Plaintiff and other similarly situated employees are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT V**
**VIOLATION OF NEW YORK LABOR LAW**
**NYLL SECTION 193**
**UNLAWFUL DEDUCTIONS**

130. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

131. Under New York law, an employer may only make authorized withholdings from an employee's wages.

132. At all times relevant to this Action, Defendants withheld monies from Plaintiff and other similarly situated employees' wages for "Errors & Omissions Insurance", among others.

133. Under New York law, these types of deductions are not authorized to be withheld from an employee's wages.

134. By the above-alleged conduct, Defendants unlawfully deducted monies from Plaintiff and other similarly situated employees' wages in violation of the NYLL.

135. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for whether its conduct violated the NYLL.

136. Defendants did not act in good faith with respect to the conduct alleged herein.

137. As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 191**
**FREQUENCY OF PAYMENT VIOLATIONS**

138. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

139. Under New York law, clerical and other workers must be paid not less frequently than semi-monthly.

140. At all times relevant to this Action, Defendants unlawfully contracted to pay Plaintiff and other similarly situated employees their fully earned commissions weeks after the tax seasons concluded and only paid them either an hourly rate or a small portion of their commissions as an advance/draw on a weekly basis.

141. By the above-alleged conduct, Defendants failed to fully pay Plaintiff and other similarly situated employees their commissions on a not less than semi-monthly basis in violation of the NYLL.

142. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for whether its conduct violated the NYLL.

143. Defendants did not act in good faith with respect to the conduct alleged herein.

144. As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial and are entitled to liquidated damages for each untimely payment of wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, THE NHG LAW GROUP, P.C., demand judgment against Defendants, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order Defendants to file with this Court and furnish to counsel a list of all names and addresses of all tax preparers who currently work for or who have worked for R&G BRENNER within the last three years;

B. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former tax preparers employed by Defendants during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt into this Action;

2. Willfully violated the overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff and all similarly situated persons who opt into this Action;

4. Violated the provisions of the NYLL by failing to provide Plaintiff and similarly situated persons who opt into this Action with accurate wage notices and statements;

5. Violated the provisions of the NYLL by making unlawful deductions from Plaintiff and similarly situated persons' wages;

6. Violated the provisions of the NYLL by failing to pay Plaintiff and similarly situated persons who opt into this Action their fully earned commissions within the time frequency required by the NYLL; and,

7. Willfully violated the applicable provisions of the NYLL.

D. Award compensatory damages, including all overtime compensation owed and unlawful deductions withheld, in an amount according to proof;

E. Award liquidated damages under the NYLL, or alternatively the FLSA;

F. Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G. Award all costs and attorney's fees incurred in prosecuting this action;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 26, 2022

THE NHG LAW GROUP, P.C.

______________________________

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com